UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRIC KILKENNY,

                           Plaintiff,

        -v-

LAW OFFICE OF CUSHNER & GARVEY, L.L.P. ,
TODD S. CUSHNER, TARRYTOWN
MANAGEMENT GROUP, INC., LAWRENCE A.
GARVEY, and JOHN DOES #1 AND 2,

                           Defendants.

Case No. 08-CV-588 (KMK)

ORDER

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

KENNETH M. KARAS, District Judge:

        On September 10, 2008, Defendants filed a Notice of Motion, which correctly stated that

Defendants were seeking dismissal, pursuant to Federal Rule of Civil Procedure12(b)(6), but

which inadvertently claimed that Defendants were seeking dismissal of an infliction of emotional

distress claim. (Dkt. No. 14.) The Notice of Motion was accompanied by a declaration by

Defendants' counsel, Lawrence A. Garvey, Esq., and a memorandum of law, which correctly

stated that Defendants' Rule 12(b)(6) motion sought to "dismiss the causes of action in plaintiff's

amended complaint sounding under the Fair Labor Standards Act . . . and the Racketeer

Influenced and Corrupt Organizations Act . . . and request[s] that the Court decline to exercise

supplemental jurisdiction over the remaining claims which are state claims." (Defs.' Mem. of

Law in Supp. of Mot. Pursuant to Fed. R. Civ. P. 12(b)(6) 1.) Upon learning of the inadvertent

error in their Notice of Motion, Defendants filed an amended Notice of Motion, which correctly

stated their grounds for relief. (Dkt. No. 18.) In his response to Defendants' motion, filed on

October 6, 2008, Plaintiff argues that the defect in Defendants' Notice of Motion warrants

dismissal of Defendants' motion, pursuant to Federal Rule of Civil Procedure 7(b), which requires that a motion state with particularity the grounds for the motion.

Courts ordinarily will excuse the inadvertent failure to comply with Rule 7(b). *See, e.g., Dunn v. J.P. Stevens & Co.*, 192 F.2d 854, 855 (2d Cir. 1951) (finding that defendant might appropriately have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and allowing defendant's motion to proceed even though defendant had not cited to the proper federal rule); *Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 936 F. Supp. 165, 166-67 (S.D.N.Y. 1996) (denying plaintiff's motion to reconsider the district court's grant of defendant's motion to transfer action in spite of defendant's failure to comply with Rule 7(b), where plaintiff was given notice and opportunity to be heard); *Steingut v. Nat'l City Bank of New York*, 36 F. Supp. 486, 487 (E.D.N.Y. 1941) (noting that a court ordinarily will excuse failure to comply with Rule 7(b), so long as the failure was inadvertent). Indeed, Rule 7(b) does not specifically require a notice of motion. The requirement for a notice of motion is derived from Local Rule 6.1, and courts have "broad discretion" to overlook a party's failure to comply with the notice of motion requirement in Local Rule 6.1. *See D'Antonio v. Metro. Transp. Auth.*, No. 06-CV-4283, 2008 WL 582354, at *2 n.5 (S.D.N.Y. Mar. 4, 2008) (overlooking fact that defendant "did not file a notice of motion as required by Local Rule 6.1" because "[p]laintiffs had actual notice of the [defendant's] motion," and using the court's "'broad discretion' to overlook a party's failure to comply with the local court rules'" (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001))); *UBS Capital Americas II, LLC v. Highpoint Telecomm. Inc.*, No. 01-CV-8113, 2002 WL 377537, at *4 n.3 (S.D.N.Y. Mar. 8, 2002) ("Because [defendant] did not file a notice of motion, as required by Local Rule 6.1, Plaintiffs

assert that [its] cross motion is procedurally inappropriate . . . . [n]otwithstanding the technical

violation, the Court is satisfied that the purposes of the rule have been satisfied . . . .").

Here, in accordance with the Court's individual rules, Defendants submitted a pre-motion

letter to the Court, copying Plaintiff, which outlined the grounds upon which they were seeking

dismissal of Plaintiff's Amended Complaint. (Letter from Lawrence A. Garvey to the Court

(June 5, 2008).) A pre-motion conference was held on July 16, 2008, wherein both Parties were

present, and the Parties discussed Defendants' purported motion to dismiss. In addition, the

memorandum of law accompanying Defendants' Notice of Motion correctly specified the

grounds upon which Defendants are seeking relief. Finally, upon notification of the inadvertent

error in their original Notice of Motion, Defendants filed an amended Notice of Motion. In these

particular circumstances, the Court finds that Plaintiff was more than afforded sufficient notice of

the grounds for Defendants' motion to dismiss and was not in any way prejudiced by any alleged

defect in Defendants' original Notice of Motion. In addition, the Court finds that the mistake in

Defendants' original Notice of Motion was clearly inadvertent and that Defendants'

memorandum of law adequately stated with particularity the grounds for Defendants' motion.

However, because Plaintiff's response solely addressed Plaintiff's argument that Defendants'

motion should be dismissed for failure to comply with Rule 7(b), the Court will allow Plaintiff to

file a supplemental response addressing Defendants' motion, which seeks "dismiss[al of] the

causes of action in plaintiff's amended complaint sounding under the Fair Labor Standards Act

and the Racketeer Influenced and Corrupt Organizations Act pursuant to Fed. R. Civ. P.

12(b)(6)" and requests that the Court "decline to exercise supplemental jurisdiction over the

remaining claims which are state claims, and for such other and further relief as the Court deems

just and proper." (Dkt. No. 18 (Am. Not. of Mot.).)

Accordingly, the Court accepts Defendants' amended Notice of Motion (Dkt. No. 18) and respectfully directs the Clerk of Court to terminate the original Notice of Motion (Dkt. No. 14). Plaintiff may file a supplemental response to Defendants' motion to dismiss (to be no longer than twenty pages) by no later than May 18, 2009, and Defendants may submit a ten-page reply by no later than June 1, 2009.

SO ORDERED.

Dated:        April 30, 2009
              White Plains, New York

                                          KENNETH M. KARAS
                                          UNITED STATES DISTRICT JUDGE